**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Alexa Montesano, (hereafter referred to as affiant) being duly sworn depose and state:

## INTRODUCTION

I am a Special Agent of the Drug Enforcement Administration (DEA) assigned to the Detroit Field Division, Columbus District Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18 U.S.C.§ 2510(7), that is, an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in Title 18 U.S.C.§ 2516. Your affiant has been employed by the DEA since March, 2021. Your affiant is empowered to investigate, to make arrests with or without warrants and to execute search warrants under the authority of Title 21 U.S.C. § 878.

Prior to being employed by the DEA your affiant was employed by the Ohio Investigative Unit from August, 2019 until March, 2021. During this time, your affiant has accumulated the following training and experience:

(a) I graduated from the DEA Academy located at the FBI Academy, Quantico, Virginia. I received approximately 16 weeks of specialized narcotics related training. The training included controlled substances identification, narcotics related investigative techniques, interview and interrogation training, preparation of search warrants, tactical application of narcotics enforcement, surveillance and electronic monitoring techniques and money laundering investigations.

(b) During the course of my law enforcement career I have had experience in debriefing defendants; interviewing participating witnesses, cooperating individuals and other persons who have personal knowledge and experience regarding the amassing, spending, conversion, transportation, distribution, and concealment of records and proceeds of trafficking in controlled substances.

(c) As a DEA agent and Ohio Investigative Unit agent, I have participated in the execution of numerous search warrants at businesses of narcotics traffickers and have participated in numerous arrests for drug related offenses. I have drafted numerous search warrants.

(e) During the course of my law enforcement career, I have completed the following training; Ohio State Highway Patrol Training Academy (January 2020), Interview and Interrogation (2020).

The information set forth in this affidavit comes from your affiant's personal involvement in this investigation, as well as information provided to your affiant by other law enforcement officers. This affidavit is intended to show only that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this investigation.

<u>PROBABLE CAUSE</u>

1. Since February, 2021, investigators established an investigation into the Tanya BAIRD Drug Trafficking Organization (DTO). During the investigation, investigators revealed BAIRD, who is a citizen of South Africa, as a facilitator, possessor and distributor of large amounts of synthetic cannabinoids (K2) and Suboxone, via mail, into the United States, specifically the Southern District of Ohio. K2, a synthetic variant of marijuana, is a plant material sprayed with synthetic psychoactive chemicals. K2 is listed as a schedule 1 substance under the Controlled Substances Act. Your affiant, or other investigators assigned to this case, have interviewed several confidential sources (CS), regarding the BAIRD DTO. The CS' information has been corroborated by your affiant, and or other investigators assigned to this case. This corroboration was achieved through various other sources.

2. During the same month, investigators conducted a search warrant at 5587 Tamrack Boulevard, Columbus, Ohio and seized a DHL package with a return address and sender as BAIRD at 62 La Digue, Randalpark Ridge, South Africa. The package contained approximately 80 sheets of suspected Suboxone and legal paperwork suspected to be saturated with K2.

3. In March, 2021, the legal paperwork was tested by the FBI's laboratory and tested positive for K2.

4. In June, 2021, investigators conducted an interview with CS (hereinafter "CS-1"). CS-1 advised investigators that approximately five years ago CS-1 met BAIRD while CS-1 was incarcerated. CS-1 advised investigators that he/she eventually instructed BAIRD on how to saturate paper with K2 and send the saturated papers into the prison where CS-1 was incarcerated. CS-1 indicated to investigators that he/she told BAIRD to purchase K2 powder online from China and have it shipped to South Africa. CS-1 indicated to investigators that he/she received approximately eight packages, each package containing 30 pieces of saturated paper with K2, from BAIRD while incarcerated.

5. During the same month, United States Customs and Border Protection (CBP) seized a package containing general papers, suspected to be saturated with K2, with a return address and sender as BAIRD at 62 La Digue. Subsequently, the general papers were tested by CBP's laboratory and tested positive for K2.

6. In August, 2021, investigators requested and received a list from CBP in regards to importation records for BAIRD and/or 62 La Digue. The import records showed a total of 69 packages being sent into the United States from June through August in 2021, 34 of which were destined for the Southern District of Ohio. Investigators confirmed that CS-1 was a listed recipient on the importation records and received a total of eight packages from BAIRD and/or 62 La Digue. Investigators were able to identify that multiple recipients on the importation records, who received packages from BAIRD and/or 62 La Digue, had been in communication and/or attended visits with current Ohio Department of Rehabilitation and Correction (DRC) inmates.

7. On or about October 13, 2021, investigators spoke with CS (hereinafter "CS-2"), who previously was a subject of investigation for sending legal mail saturated with K2 into Ohio DRC facilities. Investigators cross referenced the importation records provided by CBP and discovered that CS-2 received four packages from BAIRD and/or 62 La Digue. CS-2 advised investigators that, he/she would receive the packages in the mail from BAIRD containing legal privileged documents that were saturated in K2. CS-2 advised that the legal documents would be pre-addressed and that CS-2's responsibility was placing stamps on the legal documents and sending the legal documents saturated with K2 into the Ohio DRC facilities. CS-2 stated that once he/she collected the proceeds from the individuals that were incarcerated, and/or someone on their behalf, for the legal documents saturated with K2, he/she would send the proceeds to BAIRD, via CashApp or PayPal.

8. Throughout this investigation, a total of 69 packages were mailed from BAIRD and/or La Digue into the United States, 34 of which were destined for the Southern District of Ohio. To date, investigators have seized approximately 883 gross grams of various paper saturated with K2 from BAIRD and or/62 La Digue.  Investigators believe that the recipients of the importation records have direct ties with Ohio DRC inmates, within the Southern District of Ohio, and other DRC inmates throughout the United States. Based off of investigators training and experience and knowledge of this case, investigators believe that the papers saturated in K2 are shipped from BAIRD and/or 62 La Digue in South Africa with the intent to be delivered, via recipients on the importation records, into different DRC facilities throughout the United States.

7. Based upon my training, experience and my review of the evidence gathered by agents and other investigators assigned to this investigation, there is probable cause to believe Tanya BAIRD has violated 21 U.S.C 952, Importation of Controlled Substances. This affidavit is in support of a request for the issuance of a Federal complaint and arrest warrant for Tanya BAIRD.

_____
Alexa Montesano
Special Agent
Drug Enforcement Administration

Subscribed and sworn before me this ___22nd___ day of March, 2022.

_____
Honorable Chelsey M. Vascura
United States Magistrate Judge
Southern District of Ohio